ELIZABETH ADAMS *vs.* THOMAS ADAMS & others.

Where a testator devised specific parts of his real estate to his wife, in fee, and be-
queathed to her all his personal property, and ordered that the other part of his
real estate should be disposed of as the law directs, and the wife accepted the de-
vise and bequest made to her; it was held that she was not entitled to dower in
the other part of the real estate.

HUBBARD, J.   This action is brought by the demandant to
recover her dower in certain parcels of real estate in Quincy,
of which her husband, Ebenezer Adams, died seized, and which
are now in the possession of the tenants, as his heirs at law ;
and she also demands damages for the detention thereof, agree-

ably to the provision of the Rev. Sts. c. 102, § 3. It is admitted by the tenants, that she is entitled to judgment in her favor, unless she is precluded therefrom by certain devises and bequests made to her by her husband in his will, which has been proved and allowed. By the first clause in his will, he devised and bequeathed to the demandant certain specific portions of his real estate, (describing them in detail,) and his personal property, in the following words : "Also all my personal estate of every kind, wheresoever it may be found, that I may be possessed of at the time of my decease, after payment is made therefrom of my just debts, funeral charges and other necessary expenses. To have and to hold the same to her, her heirs, executors, administrators, and assigns, to their use, and behoof forever." Then followed these words : " The other part of my real estate is to be disposed of as the law directs."

The question which has been argued is, whether the demandant is entitled to dower in that other part of her husband's real estate, which is to be disposed of as the law directs.

By the Rev. Sts. c. 60, § 1, it is enacted that " every woman shall be entitled to her dower at common law, in the lands of her husband, to be assigned to her after his decease, unless she is lawfully barred thereof." But by § 11 of the same chapter, which is substantially a revision of the former St. of 1783, c. 24, § 8, it is enacted that "if any provision be made for a widow in the will of her husband, she shall, within six months after probate of the will, make her election, whether she will take such provision, or be endowed of his lands ; but she shall not be entitled to both, unless it plainly appears, by the will, to have been the intention of the testator, that she should have such provision, in addition to her dower."

In this case, the demandant has accepted the provision made for her by the will, and now claims dower in the residue of the real estate of which the testator died seized.

As demandant, then, it is for her to make it plainly appear by the will, that in addition to the provision made for, and accepted by her, she is entitled to dower ; and if it is left in doubt as to such intention, she cannot recover.

If no will had been made by the husband, she would have been entitled to her dower, and to one half of his personal estate ; he having died without issue. But the personal estate, thus given by law, would have been subject, with the residue of it, to the payment of debts. By the will, one half of the real estate, as it is agreed by the parties, is given to her in fee, and the whole of the personal estate. It is very clear then, that a much better provision was made for the demandant, than if her husband had died intestate. Such provision was made for her comfort during life, as he thought sufficient. He makes a specific devise to her in fee of real estate marked by metes and bounds with houses thereon, and does not give her merely an undivided portion of his estate. And in respect to that not devised, he says, " the other part of my real estate is to be disposed of as the law directs." Now the law does not direct, as a necessary provision, that she shall have dower in such residue, unless it plainly appears by the will itself, that it was the intention of the testator that she should have it. But it cannot, we think, be successfully contended, that having made such specific provision for her, he meant also to leave her something uncertain in the other portion of his estate — a dower estate, to be a cause of dispute with his brothers and sisters, and the subject of a lawsuit. The plain meaning of the words, taken in connexion with the preceding parts of the will, seems to me to be this : Having made a satisfactory provision for my wife, I now leave the residue to my heirs, to be disposed of as the law directs. Such a construction satisfies the will, without any labored endeavors to find reasons why he intended to carve out an estate in dower for his wife, in addition to his various bequests to her. On the whole, we are clearly of opinion that it was not the intention of the testator that his widow should be entitled to dower in his estate.

In conformity to the agreement of the parties, the demandant is to be nonsuit, with costs for the tenants.

*Gourgas*, for the demandant.

*Kingsbury*, for the tenants.